## CAMPBELL *v.* JAMES.

*(Circuit Court, S. D. New York.* July 14, 1887.)

1. **MANDATE ON APPEAL—DISMISSING BILL—AMENDED BILL.**

   Where a cause was remanded to the circuit court from the supreme court, with directions to dismiss the bill of complaint, *held,* that such mandate included the whole bill upon which plaintiff's case rested, and that a decree of this court dismissing not only the original, **but also** the amended, bill of complaint, did not go beyond the mandate.

2. **SAME—CORRECTING ERROR IN DECREE.**

   If there was any error in the decree, it **could only** be corrected at that term, or by proceedings for review under the rules or on appeal, not by motion at a subsequent term.

In Equity.

*Marcus P. Norton,* for plaintiff.

*Stephen A. Walker,* U. S. Atty., for defendant.

WHEELER, J. This cause was remanded from the supreme court at its October term, 1881, to this court, with directions to dismiss the bill of complaint. This court, after various delays in the taxation of costs, in its October term, 1883, entered a final decree dismissing the bill and amended bill of complaint, with costs taxed, and awarded execution for the costs. The plaintiff now in this April term, 1887, moves to set aside this decree, and for further proceedings. It is said, in support of this motion, that this court went beyond the mandate to dismiss the bill, by dismissing not only the bill, but the amended bill. It is understood, however, that the bill directed to be dismissed was the whole bill on which the plaintiff's case rested, including the original bill as amended, as well as the original bill as at first filed. Nothing would be accomplished by dismissing the original bill, and leaving the amended bill, on which the cause depended and was tried, still pending. Perhaps it would have been more proper to have made a decree dismissing the bill merely

according to the mandate, leaving it to include the whole bill, as the mandate did. *Campbell* v. *James*, 104 U. S. 356. But, however that may be, the decree which this court made was full and final, and disposed of the whole case. If there was any error in it, the error could only be corrected at that term, or by proceedings for review under the rules, or on appeal. *Bronson* v. *Schulten*, 104 U. S. 410; *Phillips* v. *Negley*, 117 U. S. 665, 6 Sup. Ct. Rep. 901.

This court is without power to open the case now. Motion denied.